(11 Misc. Rep. 441.)

### BERNARD v. UNITED LIFE INS. ASS'N.

(City Court of New York, General Term.   February 11, 1895.)

1. LIFE INSURANCE—FALSE STATEMENTS IN APPLICATION.
    A statement that "no application has been made to any other company for insurance" is material, and, if false, constitutes a breach of warranty that the answers to questions in the application are true.
2. SAME—WHO MAY WAIVE CONDITIONS.
    Under a provision that no waiver shall be valid unless made in writing signed by the president or vice president and secretary or assistant secretary, neither a solicitor of the company nor a superintendent of agencies, who is merely an agent working for commissions, and holding no official position in the company, can waive the conditions of the policy.
3. SAME—WHEN WAIVER MAY BE MADE.
    The terms of a policy cannot be waived before it is issued.

Appeal from trial term.

Action by Mary C. Bernard against United Life Insurance Association.   The complaint was dismissed, and plaintiff appeals.   Affirmed.

For the decision reversing a judgment in favor of plaintiff, see 28 N. Y. Supp. 756.

Argued before EHRLICH, C. J., and NEWBURGER and FITZSIMONS, JJ.

Lyman W. Redington, for appellant.
Harry Wilber, for respondent.

FITZSIMONS, J. The complaint was rightfully dismissed. The statement that "no application had been made to any other company for insurance" was admittedly false, and that, being a material statement and untrue under the terms of the defendant's policy of insurance, vitiated it.

It is true that the defendant could waive the forfeiture, but there is nothing in the appeal record which would justify us in saying that there was such a waiver. The provision of the policy concerning waiver of any of its terms reads as follows:

"No waiver shall be valid unless the same shall be in writing, signed by the president or vice president and secretary or assistant secretary of the association."

Certainly, the waiver claimed by the plaintiff was not in accordance with the provision just mentioned; but she claims that one Donovan, a solicitor for the defendant, knew that another application had been made by the assured to the Mutual Reserve Fund, and rejected; that also one Lord, who was in defendant's employ as superintendent of agencies, had such knowledge. What his duties and powers were, does not appear. But he appears not to have the power of waiving any of the terms of defendant's policy. He had no official position in defendant's company, was merely an agent working for commissions, and could not make a contract for defendant, or waive any of the terms of a contract made by it. Donovan's position in defendant's company was much lower and less powerful even than the one held by Lord; and he, so far as the answers made in the assured's application are concerned, was the agent of the assured, and not defendant's agent, and he certainly had no right to waive any of the terms of defendant's policies.

Besides, the alleged waiver, according to plaintiff's testimony, was made before the policy was issued. How the terms of a proposed contract can be waived before it is made is something we cannot understand. Perhaps, if persons in defendant's employ who had the power to waive defendant's contracts, or some of the terms thereof, had the knowledge that plaintiff claims Donovan and Lord possessed, viz. "the rejection of the insured by the Mutual Reserve Fund," then defendant might be estopped from insisting upon the forfeiture; but that is not the case here, for, as pointed out by us, neither Donovan nor Lord had the power or authority sufficient to create an estoppel or waiver against defendant's interests.

Although, as claimed by appellant's counsel, this may be a hard case against his client, as a matter of morals, yet we must, for the reasons herein given, affirm the judgment, with costs.

EHRLICH, C. J., concurs. NEWBURGER, J., concurs in the result.